UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ROBERT WISE, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY CORRECTIONAL CARE, et al., <br><br> Defendants. | CAUSE NO.: 3:20-CV-340-JD-MGG |

OPINION AND ORDER

Michael Robert Wise, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Wise alleges that, shortly after his arrival at the Marshall County Jail in December 2018, he informed Nurse Loftus that he suffered from lung disease, heart disease, severe obesity, and diabetes and that he needed medication. She

responded that he would receive appropriate treatment after Dr. Tchaptchet reviewed his medical records but he has received inadequate treatment to date. He also informed Nurse Loftus and Dr. Tchaptchet that he had numb fingers and stiff hands but received only ineffective medication as treatment. Because Wise is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Wise states a plausible Fourteenth Amendment claim against Nurse Loftus and Dr. Tchaptchet.

Wise also names Quality Correctional Care as a defendant but does not otherwise discuss this entity in the narrative portion of the complaint. Due to this lack of information, he may not proceed against this defendant on this complaint. Wise further alleges that he has been subjected to unsanitary conditions at the Marshall County Jail since the onset of the coronavirus pandemic. He states that he has been

housed in overcrowded cells with no protective equipment or hand sanitizer and only minimal sanitation tools. While these allegations are concerning, the complaint does not indicate that Nurse Loftus or Dr. Tchaptchet are personally involved with housing assignments or sanitation at the Marshall County Jail. Therefore, Wise may not proceed on these allegations.

For these reasons, the court:

(1) GRANTS Michael Robert Wise leave to proceed on a Fourteenth Amendment claim against Nurse Loftus and Dr. Tchaptchet for money damages for providing inadequate treatment for lung disease, heart disease, severe obesity, diabetes, finger numbness, and stiff hands;

(2) DISMISSES Quality Correctional Care;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Loftus and Dr. Tchaptchet at the Marshall County Jail with a copy of this order and the complaint (ECF 1-2) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Loftus and Dr. Tchaptchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Michael Robert Wise has been granted leave to proceed in this screening order.

SO ORDERED on July 23, 2020

    /s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT