UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ROBERT WISE, <br><br> Plaintiff, <br><br> v. <br><br> DR. TCHAPTCHET and MARY LOFTUS, <br><br> Defendants. | CAUSE NO. 3:20-CV-340-MGG |

OPINION AND ORDER

Michael Robert Wise, a prisoner without a lawyer, is proceeding in this case "on a Fourteenth Amendment claim against Nurse Loftus and Dr. Tchaptchet for money damages for providing inadequate treatment for lung disease, heart disease, severe obesity, diabetes, finger numbness, and stiff hands[.]" ECF 4 at 3. Dr. Tchaptchet and Nurse Loftus filed a motion for summary judgment. ECF 39. Wise filed a response, and the defendants filed a reply. ECF 45, 46. The summary judgment motion is now fully briefed and ripe for ruling.

I.     **LEGAL STANDARD**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes

summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

**II.    ANALYSIS**

Wise is proceeding against both defendants "for providing inadequate treatment for lung disease, heart disease, severe obesity, diabetes, finger numbness, and stiff hands[.]" ECF 4 at 3. Nurse Loftus argues summary judgment is warranted in her favor

because she reasonably addressed Wise's medical needs by consistently assessing his complaints, seeking guidance from physicians, and carrying out the physicians' orders. ECF 40 at 14-16. Dr. Tchaptchet argues summary judgment is warranted in his favor because (1) he provided reasonable treatment for Wise's neuropathy and breathing issues, and (2) there is no evidence Wise ever requested or needed any treatment for heart disease, obesity, or diabetes. *Id.* at 16-18. Each of Wise's conditions will be addressed in turn.

*Neuropathy / finger numbness / stiff hands*

The parties provide evidence showing the following. On December 21, 2018, Nurse Loftus saw Wise for a nursing assessment, where he complained of left arm weakness and tingling in two fingers. ECF 41-1 at 1; ECF 41-4 at 6. Wise requested he receive another sleeping mat and a bottom bunk. ECF 41-1 at 1-2; ECF 41-4 at 6. Nurse Loftus informed Wise these requests were not medically justified based on his complaints. *Id.* Nurse Loftus instructed Wise to try adjusting his position as he slept and that, if his condition persisted, he should notify medical staff. ECF 41-1 at 2; ECF 41-4 at 6.

On January 2, 2019, Nurse Loftus saw Wise after he complained of ongoing neuropathy in his hands and legs. ECF 41-1 at 2; ECF 41-4 at 3. Nurse Loftus had a phone call with Dr. Tchaptchet regarding Wise's neuropathy and Dr. Tchaptchet issued an order for Wise to receive Cymbalta. *Id.*

At some point between November 2019 and January 2, 2020, Nurse Loftus saw Wise after he approached the medication cart and complained he had been unable to

3

sleep because of a restless leg. ECF 41-1 at 3; ECF 41-4 at 2; ECF 41-3 at 7. Nurse Loftus spoke with Dr. Tchaptchet, who issued an order for Clonidine tablets. *Id.*

On January 28, 2020, Dr. Tchaptchet saw Wise for an assessment where he complained of bilateral wrist pain with numbness. ECF 41-1 at 3. Wise informed Dr. Tchaptchet the numbness began about one year ago after he was handcuffed by the police. *Id.* Dr. Tchaptchet assessed Wise and noted some tenderness, and was concerned for potential neuropathy. *Id.* Wise was already on a prescription for nerve pain, and Dr. Tchaptchet approved his request for an additional mattress to help him sleep. *Id.* at 3-4.

Here, Wise does not dispute the defendants treated his neuropathy by providing him Cymbalta, Clonidine tablets, and an additional mattress. ECF 46. Nor does Wise provide any evidence this treatment was unreasonable. Thus, there is no evidence by which a reasonable jury could conclude the defendants violated Wise's Fourteenth Amendment rights by providing inadequate treatment for his complaints of neuropathy, finger numbness, and stiff hands. Summary judgment is warranted in favor of the defendants on this part of his claim.

*Lung disease / breathing issues*

On December 21, 2018, Nurse Loftus completed a health assessment, where Wise reported a medical history positive for chronic obstructive pulmonary disease ("COPD"). ECF 41-1 at 2; ECF 41-4 at 10-11. On February 3, 2019, Wise approached the medication cart and reported he was experiencing shortness of breath. ECF 41-1 at 2; ECF 41-4 at 8. He reported he had used an inhaler for years but had no way of getting his specific inhaler into the facility. *Id.* Nurse Loftus checked Wise's oxygen saturation

4

level, which was normal. *Id.* She notified Dr. Tchaptchet, who ordered that Wise receive a Ventolin inhaler to use twice per day as needed for shortness of breath. ECF 41-1 at 2-3; EF 41-4 at 8.

On November 15, 2019, Nurse Loftus had a conversation with Wise during medication pass. ECF 41-1 at 3; ECF 41-4 at 4, 9. Wise expressed he was no longer receiving daily breathing treatments with his inhaler. *Id.* Nurse Loftus informed him his order for a breathing treatment was not discontinued, and that he could request the treatment if he was having an issue. *Id.* However, the treatments were only to be provided as needed, not on a regular interval. *Id.* Wise was not happy with Nurse Loftus' response and requested to see a physician. *Id.* He was scheduled to see Dr. Tchaptchet a few days later. *Id.*

On December 5, 2019, Dr. Tchaptchet saw Wise for a visit and noted he had a history of COPD. ECF 41-2 at 3. Dr. Tchaptchet did not see any signs of pulmonary abnormality, other than noting the potential for some decreased lung function given the history of COPD and report of shortness of breath. *Id.* Wise was already on an inhaler at this time, so Dr. Tchaptchet ordered a "Z-pak"[1] to clear up any pulmonary abnormality and inflammation. *Id.* Dr. Tchaptchet instructed Wise to continue monitoring his condition and reporting any abnormalities to nursing staff. *Id.*

Here, Wise does not dispute the defendants treated his breathing issues by providing him a Ventolin inhaler, as-needed breathing treatments, and a Z-pak. ECF 46.

---

[1] An antimicrobial medication used to treat and manage bacterial infections. *See* https://www.ncbi.nlm.nih.gov/books/NBK557766/ (last accessed June 29, 2022).

5

Wise argues Nurse Loftus acted unreasonably by providing his breathing treatments as needed and not at regular intervals. ECF 46 at 1. However, Dr. Tchaptchet attests Nurse Loftus properly informed Wise he would receive the breathing treatments as needed and not at regular intervals. ECF 41-2 at 4-5. Wise provides no evidence he required breathing treatments at regular intervals, or that the treatment provided by the defendants was otherwise unreasonable. Thus, there is no evidence by which a reasonable jury could conclude the defendants violated Wise's Fourteenth Amendment rights by providing inadequate treatment for his complaints of lung disease and breathing issues. Summary judgment is warranted in favor of the defendants on this part of his claim.

### *Obesity and diabetes*

The defendants argue Wise never requested or required treatment for obesity and diabetes while at Marshall County Jail, and Wise does not dispute this assertion. ECF 40 at 17; ECF 46. Moreover, Wise's medical records provide no indication he ever requested treatment for obesity or diabetes. Thus, there is no evidence by which a reasonable jury could conclude the defendants violated Wise's Fourteenth Amendment rights by providing inadequate treatment for obesity and diabetes. Summary judgment is warranted in favor of the defendants on this part of his claim.

### *Heart disease*

Upon Wise's arrival at Marshall County Jail in December 2018, Nurse Loftus conducted a physical evaluation. ECF 41-1 at 1; ECF 41-4 at 7. Nurse Loftus noted

6

Wise's vital signs, which showed he had an elevated blood pressure of 137/86.[2] *Id.* At that time, Wise informed Nurse Loftus he had prescriptions for several medications, including medications to lower his blood pressure and cholesterol. ECF 43-1 at 2; ECF 46 at 1. Nurse Loftus contacted a pharmacy and learned that Wise's prescriptions had expired. *Id.* Wise asserts Nurse Loftus told him his prescriptions were expired but she would talk with a physician about writing him new prescriptions. *Id.* The defendants offer no evidence indicating whether Nurse Loftus ever notified any physician of Wise's expired prescriptions for medications to lower his blood pressure and cholesterol. Thus, a reasonable jury could conclude either that Nurse Loftus informed Dr. Tchaptchet, or did not inform Dr. Tchaptchet, of Wise's prescriptions.

On December 21, 2018, Nurse Loftus conducted a health assessment of Wise and indicated he had "current prescriptions" at a Walgreens in South Bend. ECF 41-4 at 10. Wise again informed Nurse Loftus he had high blood pressure and high cholesterol. ECF 43-1 at 1. Nurse Loftus took Wise's vital signs and noted he had an elevated blood pressure of 153/94. ECF 41-4 at 6, 10.

On November 15, 2019, Nurse Loftus took Wise's vital signs and noted he had an elevated blood pressure of 138/82. ECF 41-4 at 4. On December 5, 2019, Dr. Tchaptchet saw Wise for a visit. ECF 41-2 at 3. Dr. Tchaptchet noted Wise had a history of complaints of chest discomfort. *Id.* However, Dr. Tchaptchet did not see any signs of

---

[2] According to the National Institute of Health, a person with a systolic reading less than 120 mm Hg and a diastolic reading less than 80 mm Hg has "normal" blood pressure; a person with a systolic reading between 120-129 mm Hg and a diastolic reading less than 80 mm Hg has "elevated" blood pressure; and a person with a systolic reading greater than 130 mm Hg and a diastolic reading greater than 80 mm Hg has "high" blood pressure. *See* https://www.nhlbi.nih.gov/health/high-blood-pressure (last accessed June 29, 2022).

cardiac abnormality. *Id.* On December 11, 2020, a nurse took Wise's vital signs and noted he had an elevated blood pressure of 144/90. ECF 41-4 at 1.

Wise was eventually moved from the Marshall County Jail to the Indiana Department of Corrections, where he was immediately prescribed medications to lower his blood pressure and cholesterol. ECF 46 at 1-2.

Wise argues the defendants acted unreasonably by failing to provide him any medications to lower his blood pressure and cholesterol. ECF 46 at 1-2. Here, Wise provides evidence Nurse Loftus knew he was taking medications for high blood pressure and high cholesterol when he arrived at Marshall County Jail and informed him she would have a physician "redo" those prescriptions. ECF 46 at 1-2. However, there is no evidence Nurse Loftus ever informed any physician of Wise's need for medication to lower his blood pressure and cholesterol. Nurse Loftus argues Wise's prescriptions were expired when he arrived at Marshall County Jail, but this does not demonstrate he did not require medication for these conditions. In fact, Wise's medical records show he consistently had high blood pressure while at Marshall County Jail. *See* ECF 41-4 at 1, 4, 6, 7, 10. Nurse Loftus also argues she did not have the authority to prescribe Wise medication and she only followed the orders of the physicians, but Nurse Loftus does not allege or provide any evidence she ever informed any physician of Wise's requests for medication to lower his blood pressure and cholesterol. Construing this evidence in the light most favorable to Wise, a reasonable jury could conclude Nurse Loftus knew Wise required medication to lower his blood pressure and cholesterol and acted unreasonably by failing to provide this information to a physician.

8

Moreover, a reasonable jury could conclude Nurse Loftus's conduct was more than just negligent, and that she acted purposefully, knowingly, or at least recklessly in failing to provide any treatment. *See McCann*, 909 F.3d at 886; *Miranda*, 900 F.3d at 353 (a pre-trial detainee cannot establish a claim under the Fourteenth Amendment merely by showing negligence). Thus, a reasonable jury could conclude Nurse Loftus violated Wise's Fourteenth Amendment rights by providing inadequate medical treatment for his high blood pressure and high cholesterol.

Dr. Tchaptchet argues summary judgment is warranted in his favor on this part of Wise's claim because Wise has provided no evidence he ever requested or required treatment for hypertension or heart issues. ECF 40 at 17. Here, the record is unclear whether Dr. Tchaptchet was ever informed of Wise's requests for medication to lower his blood pressure and cholesterol or his vital sign readings showing he had high blood pressure while at Marshall County Jail. However, a reasonable jury could conclude Dr. Tchaptchet was aware of this information based on the evidence Nurse Loftus recorded this information in Wise's medical records and told Wise she would discuss the information with a physician. Construing this evidence in the light most favorable to Wise, a reasonable jury could conclude Dr. Tchaptchet knew Wise was requesting medication to lower his blood pressure and cholesterol and acted unreasonably by failing to provide that medication. Moreover, a reasonable jury could conclude Dr. Tchaptchet's conduct was more than just negligent, and that he acted purposefully, knowingly, or at least recklessly in failing to provide any treatment. *See McCann*, 909 F.3d at 886; *Miranda*, 900 F.3d at 353. Accordingly, summary judgment must be denied

as to Wise's claim Nurse Loftus and Dr. Tchaptchet violated his Fourteenth Amendment rights by providing inadequate treatment for his high blood pressure and high cholesterol.

*Conclusion*

Based on the foregoing, summary judgment must be granted in regard to Wise's claim the defendants provided inadequate medical treatment for his lung disease, obesity, diabetes, finger numbness, and stiff hands, but denied as to Wise's claim the defendants provided inadequate medical treatment for his high blood pressure and high cholesterol.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 39) in regard to Wise's claim against Nurse Loftus and Dr. Tchaptchet for providing inadequate treatment for lung disease, severe obesity, diabetes, finger numbness, and stiff hands;

(2) DENIES the defendants' summary judgment motion (ECF 39) in regard to Wise's claim against Dr. Tchaptchet and Nurse Loftus for providing inadequate treatment for high blood pressure and high cholesterol; and

(3) REMINDS the parties this case is now proceeding only on Wise's claim against Dr. Tchaptchet and Nurse Loftus for violating his Fourteenth Amendment rights by providing inadequate treatment for high blood pressure and high cholesterol.

SO ORDERED on June 30, 2022

                                             s/Michael G. Gotsch, Sr.
                                             Michael G. Gotsch, Sr.
                                             United States Magistrate Judge